# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TY EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:07-cv-592-DFH-JMS |
| ) | |
| FRANK POSKON, et al., ) | |
| ) | |
| Defendants. ) | |

## Entry Concerning Selected Matters

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The clerk shall **file, docket, and distribute** the plaintiff's motion for appointment of counsel.

2.  The plaintiff's motion for appointment of counsel, filed on July 6, 2006, is mislabeled. "Courts do not "appoint" counsel in ADEA or [42 U.S.C.] § 1983 cases; they request members of their bar to assist." *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) (citing *Mallard v. United States District Court,* 109 S. Ct. 1814 (1989)).

    a.  The court applies a three-part inquiry when deciding whether to grant such requests for counsel. The first of these is to determine "if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). The plaintiff indicates that he has contacted attorneys on his own, but he does not specify how many attorneys he has contacted. The court cannot find that he has made reasonable efforts to retain counsel and was unsuccessful or that he has been precluded from making such efforts.

    b.  Even if the court concluded otherwise with respect to whether the plaintiff had made a reasonable effort to secure representation on his own, the plaintiff is within the spectrum of "most indigent parties" because he has had a meaningful opportunity to present his claims, he has demonstrated familiarity with his claims

and the ability to present them, because the issues presented by his claims are not complex, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak"). Accordingly, the plaintiff's motion for the appointment of counsel is **denied.**

3.     The plaintiff's request to proceed *in forma pauperis* is **denied.** The reason for this ruling is that the plaintiff has sufficient funds in his inmate account to pay the balance of $200.00 owed on the filing fee. He shall have **through June 13, 2007,** in which to do so.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:     5/25/2007

Distribution:

Ty Evans
DOC #158293
Pendleton Correctional Facility
P.O. Box 30
Pendleton, IN 46064