UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TY EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:07-cv-00592-SEB-MJD |
| | ) |
| FRANK POSKON, JEFFREY KRIDER, | ) |
| JEFFREY AVINGTON, ERIC LEDOUX, | ) |
| BARB MAXEY, S. KINKADE, | ) |
| J. BRADBURY, M. HERTZMAN, | ) |
| S. JACKSON, J. MCPHERSON, | ) |
| R. FOSTER, G. WAGGONER, | ) |
| T. CLINE, T. STEELE, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Plaintiff's Motion *in Limine***

The plaintiff's motion *in limine* seeking to prevent the defendants from introducing certain evidence relating to the character of the plaintiff and/or other bad acts or wrongs committed by the plaintiff has been considered. The motion [dkt. no. 197] is **granted in part and denied in part.**

In this suit filed under 42 U.S.C. § 1983, plaintiff Ty Evans accuses the defendant officers of violating his Fourth Amendment rights by using excessive force during and after his arrest.

> The nature and extent of force that may reasonably be used to effectuate an arrest depends on the specific circumstances of the arrest, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a

> careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* (*quoting United States v. Place*, 462 U.S. 696, 703, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983)). An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir.2009).

*Phillips v. Community Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012)

The plaintiff seeks to exclude any evidence tied to his prior criminal convictions for resisting law enforcement and attempted murder against Melinda Keedy. This request is **denied.** The state court convictions for attempted murder and resisting law enforcement are relevant and admissible because they arose out of circumstances occurring at the same time as the events underlying this case. These convictions arose from events on May 16, 2005, and directly relate to the circumstances surrounding Evans's arrest, including "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396.

In addition, the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), has ruled that "a prisoner [is forbidden] in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case." *Moore v. Mahone*, 2011 WL 2739771, *1 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). The effect of *Heck* in this case is that the Court expects to instruct the jury at the appropriate times during the trial as follows:

> Evans has been found guilty of the attempted murder of Melinda Keedy and of resisting law enforcement. Any statements to the contrary by Evans, his lawyers, or a witness must be ignored.

*See Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (*citing Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008) (stating that judge should have implemented *Heck* at trial through jury instructions).

The plaintiff also seeks to exclude **items that were found in Evans's residence in the search conducted subsequent to his arrest.** This request is **granted**. Although the officers will be permitted to testify to matters they witnessed prior to and in the course of the plaintiff's arrest, testimony tied to items found during or as a consequence of the search of his home following his arrest that were not known to the police at the time they used force against him to effect his arrest or otherwise subdue him are excluded.

The plaintiff's unopposed request to exclude evidence relating to the plaintiff's convictions prior to 2003 is **granted.** Fed. R. Evid. 609(b). The defendants are prohibited from introducing evidence of specific convictions prior to 2003 to impeach the plaintiff's character.

The plaintiff's unopposed request to prohibit the defendants from presenting evidence of the plaintiff's character and conduct relating to truthfulness to impeach the plaintiff without first proffering evidence showing a good faith basis for the admissibility of the evidence is **granted**.

As part of this ruling, the parties are reminded that they must comply with the Federal Rules of Evidence in all respects, thereby obviating the necessity of a general directive to counsel to follow all applicable procedural rules.

**IT IS SO ORDERED.**

Date: 10/04/2013

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel